IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**TRAMEC SLOAN, L.L.C.**
a Delaware Limited Liability Company,

    Plaintiff

v.

**TARUN N. SURTI**
an Individual,

    Defendant.

Case No. 1:25-cv-00374

G. Thomas Williams (P53734)
*Attorney for Plaintiff*
**MCGARRY BAIR PC**
5355 Northland Dr. NE, Suite C, #226
Grand Rapids, MI 49525
Tel:  (616) 742-3500
Fax: (616) 742-1010

## COMPLAINT

NOW COMES Plaintiff Tramec Sloan, L.L.C. ("Tramec Sloan"), by and through its attorneys, McGarry Bair PC, and for its complaint against Defendant Tarun N. Surti ("Mr. Surti" or "Defendant") states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, adjudging that United States Reissue Patent No. RE44,755 ("the '755 Patent") is not infringed by Tramec Sloan, and is invalid and unenforceable.

### JURISDICTION AND VENUE

2. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b). Defendant has conducted business in, had substantial contacts with, and entered into contractual agreements with Plaintiff's predecessor business entity in this judicial district.

4. Venue is further proper in this judicial district because Plaintiff resides in this district. 28 U.S.C. § 1391(b)-(c).

## THE PARTIES

5. Tramec Sloan is a Delaware Limited Liability Company residing in the State of Michigan and in this judicial district with offices in Muskegon, Michigan.

6. Upon information and belief, Defendant Tarun N. Surti is an individual residing in the State of Tennessee.

## TRAMEC SLOAN

7. Tramec Sloan is in the business of developing, manufacturing, and selling high quality heavy-duty truck and trailer products.

8. Tramec Sloan's in-house engineers improve existing products and develop new proprietary products.

9. Tramec Sloan manufactures and sells over 10,000 products, including brass fittings, rubber hoses, electrical cables, air brake valve assemblies, roll-up doors, mud flaps, brackets, swing door hinges, and fenders.

10. Tramec Sloan's products sold under the Fleet Engineers brand include AERO SLIPPER quarter fenders, the X-FLEX® mounting system, HELLCAT flap brackets, SPRAY MASTER fenders, TOUGHTRAK and PRECISION TRAK roll-up doors, and AEROFLAP aerodynamic mud flaps.

11. These products are marketed and sold through distributors, dealers and OEM's who are serviced by regional warehouses throughout North America.

12. Tramec Sloan currently owns 22 unexpired U.S. patents and has other patents pending.

13. Tramec Sloan currently employs about 900 people overall, including about 110 people at its Muskegon, Michigan facility.

## GENERAL ALLEGATIONS

14. Mr. Surti filed a patent application entitled "MUD FLAP" on September 2, 2009, and it issued as U.S. Patent No. 8,146,949 on April 3, 2012 ("the '949 Patent").  **Exhibit A**.

15. On March 18, 2013, Mr. Surti filed for a reissuance of the '949 Patent.

16. U.S. Reissue Patent No. RE44,755 entitled "MUD FLAP" issued February 11, 2014 ("the '755 Patent").  **Exhibit B**.

17. The '755 Patent contains claims 1-17 of the '949 Patent and new claims 18-25.

18. The '755 Patent replaces the '949 Patent.

19. Upon information and belief, Mr. Surti has not assigned his rights in either the '949 Patent or the '755 Patent to anyone.

20. On April 20, 2010, and through the company Mudguard Technologies LLC, Mr. Surti contacted Tramec Sloan's predecessor, Fleet Engineers, Inc., regarding the V-Flap mudflap product, which is the subject of the '755 Patent.

21. Fleet Engineers, Mudguard, and Mr. Surti entered into a business relationship through which Fleet Engineers would offer the V-Flap product for sale.

22. The business relationship fell apart, and Fleet later began offering its AEROFLAP mud flap product for sale.

23. Subsequently, Mr. Surti accused the AEROFLAP product of infringing the '949 Patent, which resulted Fleet Engineers filing suit against Mr. Surti and Mudguard in 2012. The case was styled as Fleet Engineers, Inc. v. Mudguard Technologies et. al., Case No. 1:12-cv-01143, in the Western District of Michigan, before Judge Maloney (the "AeroFlap I Litigation").

24. The reissue proceeding resulting in the '949 Patent occurred during the pendency of the AeroFlap I Litigation, and the '949 Patent was substituted for the '755 Patent through an Amended Complaint in the AeroFlap I Litigation.

25. On December 31, 2013, default was entered as to Defendant Mudguard Technologies in the AeroFlap I Litigation. *See, 1:12-cv-01143 PageID.449-450 (Doc. 70).*

26. On March 30, 2018, in the AeroFlap I Litigation, Fleet Engineers was awarded a money judgment for $195,523.58, with interest accruing thereon, against Mudguard Technologies. *See, 1:12-cv-01143 PageID.3039 (DocID 256).*

27. During the pendency of the AeroFlap I Litigation, Fleet Engineers sold its assets to Tramec Sloan in a transaction that closed in 2018.

28. As part of the asset sale, the remaining corporate shell of Fleet Engineers, Inc. was renamed to Eklund Holdings, Inc. **Exhibit C,** *Name Change.*

29. As part of the asset sale, Tramec Sloan took over manufacturing and sale of the AEROFLAP product and now offers Fleet Engineers branded products through its Tramec Sloan business.

30. On October 4, 2021, the parties began a three-day jury trial in the AeroFlap I Litigation regarding Fleet Engineers' alleged infringement of the '755 Patent.

31. The jury in the AeroFlap I Litigation found the products identified in "Group A" infringed claims 1, 2, 5, 8, 9, and/or 13 of the '755 Patent, and that the products identified in "Group B" did not infringe. *See, 1:12-cv-01143 PageID.3931-3938 (DocID 370).*

32. The jury in the AeroFlap I Litigation also found that there was no willful infringement and awarded Mr. Surti a reasonable royalty of 4% of gross sales of the "Group A" products. *Id.*

33. At the time of the jury verdict, the amount awarded Mr. Surti was $228,000. *See, 1:12-cv-01143 PageID.3955 (DocID 379).*

34. Mr. Surti, dissatisfied with the amount of the judgment, appealed his case to the Federal Circuit, which affirmed the jury verdict in all respects on August 15, 2023. *See, 1:12-cv-01143 PageID.4664 (DocID 419).*

35. Mr. Surti petitioned the U.S. Supreme Court for certiorari, which denied the petition on October 7, 2024.

36. In the meantime, Tramec Sloan made several attempts to negotiate an offset settlement with Mr. Surti wherein Tramec Sloan would pay to Mr. Surti the jury verdict amount and a 4% royalty on post-trial sales of the Group A products, with interest, less the present value of the default judgment previously entered against Mudguard.

37. Mr. Surti demanded additional information and reports, all of which were provided by Tramec Sloan to Mr. Surti, through the undersigned counsel.

38. On February 4, 2025, Tramec Sloan provided Mr. Surti with the sworn affidavit of Mr. Greg Lambert, an officer of Tramec Sloan, averring to the veracity of the sales reports and the value of Group A products remaining in inventory.

39. Also on February 4, 2025, Tramec Sloan learned that the day prior (February 3, 2025), Mr. Surti filed a patent infringement action in the U.S. District Court for the Middle District of Tennessee, styled as "Tarun N. Surti v. Fleet Engineers, Inc, Division of Tramec Sloan," Case No. 3:25-cv-0122 ("the Tennessee Action").

40. The factual background in Mr. Surti's complaint in the Tennessee Action discusses the AeroFlap I Litigation, including testimony and documents offered at trial, and alleges these things support a claim for willful infringement.

41. On February 10, 2025, Mr. Surti said that the sales information provided by Mr. Lambert in his affidavit was inadequate but offered no further information as to why.

42. On March 31, 2025, the undersigned counsel, appearing specially for "Fleet Engineers, Inc, Division of Tramec Sloan" moved under Fed R. Civ. P. 12(b)(2), (4), and (5) to quash the summons and dismiss the case due to ineffective process and service of process resulting in a lack of personal jurisdiction.

43. The grounds for the motion include that the party named by Mr. Surti as a defendant is not a legal business entity.

44. That motion remains pending.

45. Tramec Sloan has a reasonable apprehension of an imminent suit based upon the Tennessee Action filing by Defendant with respect to the non-existent party "Fleet Engineers, Inc. a Division of Tramec Sloan," but directed to the current actions of Tramec Sloan.

46. Tramec Sloan has a reasonable apprehension that Mr. Surti intends to sue Tramec Sloan.

47. Because the AEROFLAP product is still made in and sold from Muskegon, Michigan, at the facility previously operated by Fleet Engineers, Inc. and now operated by

Tramec Sloan, this controversy is appropriately located in the Western District of Michigan which has previously exercised jurisdiction over Mr. Surti when it conducted a more than decade-long proceeding in the AeroFlap I Litigation.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

48. Tramec Sloan incorporates all prior paragraphs as if asserted herein.

49. Under 28 U.S.C. § 2201, this Court is empowered to declare the rights and obligations of the parties in this dispute and to put an end to the allegations of patent infringement by Defendant against Tramec Sloan and its customers.

50. An ongoing and actual controversy exists between the parties about whether Tramec Sloan has infringed the '755 Patent.

51. Tramec Sloan is entitled to a Declaratory Judgment that it does not infringe any valid claim of the '755 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY

52. Tramec Sloan incorporates all prior paragraphs as if asserted herein.

53. The '755 Patent and each of its claims are invalid for failure to comply with the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102 and 103, for reasons including, but not limited to, the following:

(a) The alleged invention claimed in the '755 Patent was known or used by others in this country, or patented or described by others in this or a foreign country, before its alleged date of invention;

(b)     The alleged invention claimed in the '755 Patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the application date of the '755 Patent;

(c)     The applicant for the '755 Patent did not invent the subject matter claimed in the patent;

(d)     Before the applicant's alleged invention of the subject matter claimed in the '755 Patent, such invention was made in this country by others who did not abandon, suppress, or conceal it; and

(e)     The differences between the patented subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the subject matter was made to a person having ordinary skill in the art to which the subject matter pertains.

54.     Tramec Sloan is entitled to a declaratory judgment of this Court that the claims of the '755 Patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Tramec Sloan requests that this honorable Court enter a judgment as follows:

A.     Finding that United States Reissue Patent No. RE44,755 is not infringed by the AEROFLAP brand product made by Tramec Sloan;

B.     Finding that one or more claims of the '755 Patent is invalid and void;

C.     Allowing purchase and use of the Tramec Sloan AEROFLAP brand product without any threat or other interference whatsoever against the customers of Tramec Sloan by Defendant, based on or arising out of the '755 Patent;

  D. Finding that the '755 Patent is unenforceable against the customers of Tramec Sloan or any other users of the Tramec Sloan AEROFLAP brand product;

  E. Enjoining Defendant pending the final adjudication of this action, and permanently thereafter, from prosecuting or bringing or threatening to bring any action against any buyers, sellers, or users of the AEROFLAP brand product for alleged infringement of the '755 Patent;

  F. Enjoining Defendant, their officers, agents, employees, and attorneys, pending the final adjudication of this action, and permanently thereafter, from charging or asserting that either the sale or use of the AEROFLAP brand product manufactured by Tramec Sloan is in violation of or infringes Defendant' alleged patent rights under the '755 Patent;

  G. Awarding all costs and fees incurred in connection with this action to Tramec Sloan;

  H. Awarding Tramec Sloan damages, including lost profits, such damages to be trebled; and

  I. Awarding such other and further relief as this court may deem proper, including reasonable attorney fees, this being an exceptional case.

## JURY DEMAND

Tramec Sloan demands a trial by jury pursuant to Fed. R. Civ. P. 38, as to all claims and issues in this lawsuit.

                                                    Respectfully submitted,

Dated:     April 4, 2025          By:      */s/ G. Thomas Williams*
                                                                       G. Thomas Williams (P53734)
                                                                       *Attorney for Plaintiff*
                                                                       **MCGARRY BAIR PC**
                                                                       5355 Northland Dr. NE,
                                                                       Suite C #226
                                                                       Grand Rapids, MI 49525
                                                                       Tel:  (616) 742-3500
                                                                       Fax: (616) 742-1010