UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff,<br><br>v.<br><br>TARUN N. SURTI,<br>Defendant. | No. 1:25-cv-374<br><br>Honorable Paul L. Maloney |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, GRANTING COSTS TO PLAINTIFF**

This matter comes before the Court on Defendant's motion for partial summary judgment (ECF No. 37). This case concerns whether Plaintiff's current product, introduced after prior litigation over previous products, infringes Defendant's patent, and whether Defendant's patent claims as applied to the new products are valid. The Court previously denied Defendant's motion to dismiss, which was partially founded on arguments that the prior litigation precluded Plaintiff's present declaratory judgment action. (ECF No. 31). Defendant appealed, but because the order was not a final judgment, the Federal Circuit dismissed the appeal. (ECF No. 36).

Defendant now wants the Court to prevent Plaintiff from making any argument regarding the validity of the patent at issue. The Court will decline to do so. The case does not even yet have a case management order in place, and the *Markman* process establishing the patent claims at issue has not transpired. Once the parties elucidate the scope of the controversy in this case, there will be more clarity about which issues have been litigated

before and which have not. As the Court previously explained, the proper time to raise preclusion arguments will be "[i]f Plaintiff at some point attempts to relitigate the validity of parts of the '755 patent the Court examined in the prior litigation." (ECF No. 31 at PageID.355-56). Defendant's motion will thus be denied. Plaintiff requested the fees and costs incurred in responding to the motion, (ECF No. 39 at PageID.423), and Defendant did not respond to that request. Defendant had reason to know his motion is meritless and continues a pattern of bad faith litigation, so the Court will grant Plaintiff's request for costs and fees.

**I.**

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable finder of fact could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

**II.**

Plaintiff claims that its Aeroflap product, a particular design of mudflap, does not infringe Mr. Surti's patent, U.S. Patent RE44,755 (the "'755 Patent"), and that the '755 Patent is invalid insofar as it might apply to the Aeroflap. Plaintiff seeks declaratory and injunctive relief, citing ongoing litigation in Tennessee as basis for its apprehension that Defendant would sue Plaintiff. (*See* ECF No. 1 ¶¶ 45-46).

In the years before this case began, the parties engaged in "acrimonious litigation over mudflaps and [Defendant's] '755 patent for over a decade." *Fleet Eng'rs., Inc. v. Mudguard Techs., LLC*, 2022-2001, 2022-2076, 2023 WL 5219773, at *1 (Fed. Cir. Aug. 15, 2023), *cert. denied*, *Surti v. Fleet Eng'rs, Inc.*, 145 S. Ct. 143 (2024). The world continued to turn over the course of that litigation, and some things changed. Fleet Engineers, Inc. sold its assets to Plaintiff in 2018; Defendant updated his prior patent, U.S. Patent 8,146,949, and included new asserted claims in the updated patent, the '755 Patent, in 2014. *Id.* at *1 n.1, *4. Eventually, after several twists and turns through various places in the judicial system, the parties had a jury trial to determine whether the then-existing designs of the Aeroflap product infringed certain claims of the '755 patent. The product designs were divided into "Group A" and "Group B," and the jury assessed whether each product infringed claims 1, 2, 5, 8, 9, and 13 of the '755 patent. *Id.* at *2. The jury found that the Group A products did infringe on those claims, but the Group B products did not. *Id.* On appeal, Defendant argued that he should have been able to assert infringement of claim 19, which was added as part of the update to his patent culminating in the '755 patent; the Federal Circuit affirmed the exclusion of claims related to claim 19. *See id.* at *4.

## III.

Because this is a declaratory judgment action brought in anticipation of action by Defendant, its core turns on Defendant's claims about the '755 patent. As to the relevance of prior litigation to the claims that may come before the Court here, the Court has nothing now before it but "bare assertion[s]" regarding the nature of the current product and the claims from the '755 patent. (ECF No. 31 at PageID.350). It is possible that the parties will

attempt to smuggle in issues that have already been decided; it is also possible they will not. As Defendant should be aware, the parties' positions regarding the patent will become clearer once the *Markman* process is complete. *See Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 1:12-cv-1143, Dkt. No. 13 at PageID.124 (W.D. Mich. Jan. 16, 2013) (case management order in prior case describing *Markman* process); *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). It is after that process that courts typically hear validity arguments, *see MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1381 (Fed. Cir. 2019), and they may require factual development to resolve, *N. Am. Vaccine, Inc. v. Am. Cyanamid Co.*, 7 F.3d 1571, 1579 (Fed. Cir. 1993).

Defendant argues that if the Court does not opine on the potential preclusive effect of the prior litigation now, then Plaintiff can "hold an invalidity count open indefinitely, without ever committing to a theory that could be tested." (ECF No. 40 at PageID.430). This is simply not the case; for the Court to resolve an invalidity claim, Plaintiff will have to present it and give Defendant a chance to respond. Defendant is not entitled to an advance advisory opinion about whether a hypothetical argument would be vulnerable to a particular rejoinder. Defendant's motion is meritless and will thus be denied.

Independently, Defendant violated this Court's rules in filing his motion. Even accepting Defendant's characterization of his motion as a dispositive one, he was still required to communicate with opposing counsel to ascertain whether the motion would be opposed. W.D. Mich. LCivR 7.1(d)(i). Plaintiff represents that Defendant attempted no communication at all, and Defendant did not dispute that representation, despite the opportunity to do so in his reply brief. This rule promotes professionalism and cooperation

between opposing parties and the "importance of the communication required by this rule . . . cannot be overstated." *Woodhull v. Cnty. of Kent*, No. 1:04-CV-203, 2006 WL 708662, at *1 (W.D. Mich. Mar. 21, 2006). Defendant is not exempt from these rules because he is proceeding pro se. This is an independently sufficient reason to deny the motion. W.D. Mich. LCivR 7.1(d)(iii).

The Court now considers Plaintiff's requests for the fees and costs incurred in responding to Defendant's motion. Defendant's motion is substantively meritless, and he failed to follow the Court's procedures in filing it. Having litigated here extensively in the past, he should have been aware of both the procedures of the Court and the substantive problems with his arguments. And as Plaintiff points out, Defendant "cites no rule or legal authority supporting the relief requested." (ECF No. 39 at PageID.423). Plaintiff expressly requested fees and costs in its response to Defendant's motion, and Defendant did not address fees and costs in his reply brief.

District courts have discretion to exercise their inherent authority by awarding fees and costs to deter bad faith conduct or conduct "tantamount to bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002). Shifting fees and costs is appropriate when "the claims advanced were meritless," the party advancing them "should have known this," and the claims were made "for an improper purpose such as harassment." *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 752 (6th Cir. 2010); *see also PS Prods. Inc. v. Panther Trading Co.*, 122 F.4th 893, 898 (Fed. Cir. 2024) (applying the law of the regional circuit in reviewing a district court's imposition of inherent power sanctions). Defendant had experience with the Court's rules and with the progression

of proceedings in patent cases yet filed his meritless motion anyway. Given Defendant's history of filing papers with fictitious citations, (*see* ECF No. 27), and recent appeal for which he lacked any plausible basis for appellate jurisdiction, (*see* ECF No. 36), the Court finds that Defendant's frivolous motion is consistent with a pattern of litigation meant to delay the proceedings or multiply them so as to harass the other party. The Court will thus grant Plaintiff's request for the fees and costs associated with responding to this motion.

**IV.**

Defendant is not entitled to advisory opinions on arguments yet to be made. Defendant is also not entitled to ignore the Court's rules regarding conferring with the other party before filing motions. Even as a pro se litigant, he should have known these things. Defendant's motion (ECF No. 37) is thus **DENIED**. Plaintiff is **AWARDED** the fees and costs associated with responding to Defendant's motion. Plaintiff shall file an accounting of its reasonable fees and costs within fourteen (14) days of the entry of this order.

**IT IS SO ORDERED.**

Date: August 14, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge