**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>**Plaintiff,**<br><br>**v.**<br><br>**TARUN N. SURTI**<br>An Individual<br>**Defendant,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**DEFENDANT'S RESPONSE TO ECF NO. 41 AND MOTION TO VACATE THE AWARD OF FEES AND COSTS**

Defendant Tarun N. Surti, proceeding pro se, respectfully responds to this Court's August 14, 2026 Order Denying Summary Judgment (ECF No. 41). Defendant further moves this Court to exercise its inherent discretionary authority to vacate the award of attorney's fees and costs shifted to Plaintiff. In support of this request, Defendant states as follows:

## I. CLARIFICATION OF INTENT AND AGREEMENT WITH THE COURT

1. Defendant agrees with this Court's observation that the scope of the current controversy must be properly elucidated, and that the burden rests with Plaintiff to first identify functional changes that would qualify the Group-C AeroFlap as "new" for purposes of this litigation, and to identify, articulate, and narrow which claims, if any, remain unaffected by issue or claim preclusion. Both burdens are squarely implicated here. Plaintiff has not identified what, functionally or structurally, distinguishes the Group-C AeroFlap product from the AeroFlap-1 mudflap already adjudicated, nor has Plaintiff articulated a basis for treating it as a "new" product. Nor has Plaintiff identified which claims, as distinct from which products, remain open for adjudication in light of the preclusive effect of the 2018 dismissal of Count II. Absent

such articulation on either point, Defendant respectfully submits that the record does not support treating the Group-C product, or any associated invalidity theory, as distinct from what was previously litigated and resolved.

2. Defendant's recent filing was not intended to delay, multiply proceedings, or harass Plaintiff. Rather, Defendant's filing was driven by an urgent necessity to protect a final, unappealable judgment issued by this Court nearly a decade ago.

3. Specifically, in Fleet Engineers, Inc. v. Mudguard Technologies, LLC and Tarun Surti, Case No. 1:12-cv-1143 (ECF.236, W.D. Mich. June 8, 2017), this Court explicitly adjudicated the validity of Claims 1, 2, 5, 8, 9, 13, and newly added claims 18 and 25 of U.S. Patent No. RE44,755 (ECF.236, Case no.1:12-cv-01143). This Court held that those claims were not invalid and dismissed the predecessor's challenges with prejudice. Fleet added invalidity of newly added claims 18 and 25 and had an option to include invalidity of newly added claim 19 but chose not to do so. Therefore, the claim preclusion and issue preclusion should apply.

4. Because Plaintiff's current active Complaint (Doc.1) asserts a blanket challenge in Count II, stating that "The '755 Patent and each of its claims are invalid," Defendant was reasonably attempting to address a broad, sweeping claim that openly threatens previously adjudicated assets.

5. Defendant does not seek to prematurely identify, restrict, or define any patent claims at this stage. Defendant fully agrees with the Court that the case must proceed through its proper scheduling checkpoints, including the Markman claim construction phase, where the Plaintiff must finally be forced to explicitly state which claims it is actually targeting.

## II. THE PRO SE PROCEDURAL MISUNDERSTANDING OF LCivR 7.1

6. This Court noted in ECF No. 41 that Defendant failed to execute a pre-motion conference with

opposing counsel pursuant to Western District of Michigan Local Civil Rule 7.1(d)(i). Defendant deeply apologizes to the Court and to opposing counsel for this procedural oversight.

7. This failure was entirely due to an honest mistake and a severe misunderstanding of a prior communication. On June 29, 2026, Defendant sent a formal request for consultation to Plaintiff's counsel regarding a planned notice of absence and travel window. (Exhibit-A)
8. On June 30, 2026, Plaintiff's lead counsel, G. Thomas Williams, responded via email, stating: "While I do not believe you need our consent to file your contemplated notice, we do not object."
9. As a pro se litigant without formal legal training, Defendant mistakenly generalized Mr. Williams' statement. Defendant honestly and erroneously believed that separate, duplicative pre-motion consultations were not strictly required for subsequent procedural modifications or clarifications drafted during that exact traveling window.
10. This was a procedural error born of confusion, not bad faith, gamesmanship, or an intent to bypass this Court's strict rules. Defendant has learned from this error and pledges absolute, strict compliance with Local Rule 7.1(d)(i) moving forward.

## III. BASIS FOR VACATING FEES AND COSTS SANCTION

11. District courts maintain inherent authority to award fees to deter bad-faith conduct. Conversely, courts possess the exact same equitable discretion to vacate or modify an award where a party acted without a vexatious purpose and where sanctions would inflict severe, disproportionate financial hardship.
12. This Court's June 8, 2017 Opinion explicitly recognized that patent litigation poses an extraordinary burden for unrepresented inventors, noting that "individuals untrained in the

law... face arduous challenges when forced into a patent lawsuit."

13. Defendant is an individual inventor defending his underlying assets against a well-resourced corporate entity. Shifting the burden of corporate attorney's fees onto an individual pro se litigant over a procedural misunderstanding creates an insurmountable financial penalty that strips Defendant of his ability to defend his patent.

14. Because Defendant's intent was solely to shield his previously adjudicated claims from a blanket complaint, and because the failure to confer was an honest misinterpretation of counsel's email, equity requests that the financial sanctions be removed.

## IV. CONSENT AND CLARIFICATION WITH THE PLAINTIFF'S COUNSEL

Prior to this filing, Mr. Surti contacted Tramec's counsel and requested that counsel identify: (1) the specific basis for characterizing the Group-C AeroFlap product as "new," and (2) what issues, apart from claim preclusion or issue preclusion, remained open to challenge the validity of the '755 Patent. Counsel did not provide the requested clarification. (Exhibit B). Mr. Surti respectfully raises these issues now so that the Court's analysis proceeds from a complete and accurate factual and procedural basis.

Tramec's characterization of the Group-C AeroFlap products as **"new products"** merits clarification. Based on Mr. Surti's personal inspection of the Group-C mudflap, its functional elements correspond to those addressed in the prior AeroFlap-1 litigation, with the principal difference being that the product was manufactured from updated injection molds rather than a redesigned **"functional"** configuration. (See Surti Affidavit, Exhibit C). The record does not reflect any new functional design; rather, it appears that Tramec expanded production capacity by developing additional injection molds for the same Aero-Flap brand mudflap configuration previously litigated.

Plaintiff has conceded that any claims regarding the '755 Patent's validity which could have been raised in the prior action are precluded. (ECF No. 15 at PageID.109). Claim preclusion, res judicata in the strict sense, therefore should apply: once a final judgment on the merits has been entered between the same parties or their privies as to a claim, preclusion bars not only the theories actually argued, but every theory that could have been raised in support of, or in opposition to, that claim. The 2018 dismissal with prejudice of Count II (invalidity) adjudicated the validity of claim 19 as part of that claim. Because Tramec, as Fleet's successor, is bound by that dismissal, the specific prior art or theory it now presents is immaterial; claim preclusion turns not on whether the same invalidity argument is being repeated, but on whether the claim was already finally resolved between these parties. A new evidentiary presentation of a previously precluded defense does not avoid that bar.

Mr. Surti respectfully requests that the record reflect these points, so that the Court's analysis of the Group-C products is grounded in their actual design and function, and so that any invalidity theory Tramec advances is evaluated in light of the preclusive effect of the 2018 dismissal.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant Tarun N. Surti respectfully requests that this Court accept this clarification, allow the case to proceed to its scheduled claim-narrowing checkpoints, and enter an order VACATING the portion of ECF No. 41 that awards attorney's fees and costs to Plaintiff.

Respectfully submitted,

Dated: August 19, 2026

By: TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 – email: vflaps@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT COURT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>**Plaintiff,**<br><br>**v.**<br><br>**TARUN N. SURTI**<br>An Individual<br>**Defendants,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**CERTIFICATE OF COMPLIANCE**

Pursuant to W.D. Mich. LCivR 7.3(b), the undersigned certifies that this Defendant's Response to ECF No. 41 and Motion to Vacate the Award of Fees and Costs complies with the word-count limitation set forth in the Local Civil Rules.

This brief contains 1,298 words, has been prepared using Microsoft Word, and the word count was generated using that program's word-count function.

Respectfully submitted,

Dated: August 19, 2026

By: TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
Phone: 615-812-6164
email: vflaps@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2026, I filed the foregoing using the Court's CM/ECF system, which will serve all registered counsel of record.

1. **DEFENDANT'S RESPONSE TO ECF NO. 41 AND MOTION TO VACATE THE AWARD OF FEES AND COSTS**

G. Thomas Williams (P53734)
Andrea R. Jacobson, Sr. Litigation Paralegal
Attorneys for Plaintiff
MCGARRY BAIR PC
5355 Northland Dr. NE – Suite C#226
Grand Rapids, Michigan 49525
Tel: (616) 742-3538
G. Thomas Williams gtw@mcgarrybair.com
Andrea R. Jacobson arj@mcgarrybair.com

TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
615-812-6164 – email: vflaps@gmail.com