# SURTI EXHIBIT

# A

Outlook

**Re: Notice of Planned Absence — Case Nos. 26-1117, 1:25-cv-00374, 3:25-cv-00122, 3:25-mc-00005**

**From** G. Thomas Williams <gtw@mcgarrybair.com>
**Date** Tue 6/30/2026 7:43 AM
**To** Tarun Surti <vflaps@gmail.com>; Andrea R. Jacobson <arj@mcgarrybair.com>; Litigation Pleadings <pleadings@mcgarrybair.com>; AStaats@spencerfane.com <AStaats@spencerfane.com>; bbritt@spencerfane.com <bbritt@spencerfane.com>; Adams, Justin <wjadams@spencerfane.com>; Zralek, Stephen <szralek@spencerfane.com>

Mr. Surti:

Thank you for your notice. While I do not believe you need our consent to file your contemplated notice, we do not object. Safe travels.

- Tom

---

**From:** Tarun Surti <vflaps@gmail.com>
**Sent:** Monday, 29 June 2026 14:21:04
**To:** G. Thomas Williams <gtw@mcgarrybair.com>; Andrea R. Jacobson <arj@mcgarrybair.com>; Litigation Pleadings <pleadings@mcgarrybair.com>; AStaats@spencerfane.com <AStaats@spencerfane.com>; bbritt@spencerfane.com <bbritt@spencerfane.com>; Adams, Justin <wjadams@spencerfane.com>; AStaats@spencerfane.com <AStaats@spencerfane.com>; Zralek, Stephen <szralek@spencerfane.com>; Tarun <vflaps@gmail.com>
**Subject:** Notice of Planned Absence — Case Nos. 26-1117, 1:25-cv-00374, 3:25-cv-00122, 3:25-mc-00005

Dear Mr. Williams and Counsel at Spencer Fane:

This is to notify you that I will be traveling domestically from June 30, 2026 through July 7, 2026, and internationally from July 8, 2026 returning Nashville on August 2, 2026. During the international portion of my travel, I will have significantly limited availability to access court filings or respond to any deadlines that may arise.

I intend to file motions for extension of time and/or notices of unavailability in each of the above-referenced matters — the Federal Circuit (No. 26-1117), the Western District of Michigan (No. 1:25-cv-00374), and the Middle District of Tennessee (Nos. 3:25-cv-00122 and 3:25-mc-00005) — to address any deadlines falling within this window.

Pursuant to the applicable local rules requiring a certificate of consultation, I request that you advise me of your position — consent or objection — no later than 5:00 p.m. Central Time on June 30, 2026. If no response is received by that time, I will proceed with filing and note in the certificate of consultation that no response was received.

Respectfully,
Tarun N. Surti, Pro Se
5928 Westheimer Drive
Brentwood, Tennessee, 37027
Phone:615-812-6164

# SURTI EXHIBIT

# B

Outlook

**Re: Consultation Pursuant to LCivR 7.1(d) - Case No. 1:25-cv-00374**

**From** G. Thomas Williams <gtw@mcgarrybair.com>
**Date** Mon 8/17/2026 11:48 AM
**To** Tarun Surti <vflaps@gmail.com>; Andrea R. Jacobson <arj@mcgarrybair.com>

Mr. Surti:

We do not consent to your request that Plaintiff waive or forgo recovery of the fees and costs awarded by the Court.

We also decline your request for a substantive response to the questions set forth in your August 16, 2026, letter. Plaintiff's position is reflected in its pleadings, and we do not intend to provide advisory and/or premature responses outside the normal litigation process.

Regards,

Tom

---

**From:** Tarun Surti <vflaps@gmail.com>
**Date:** Sunday, August 16, 2026 at 10:20 AM
**To:** G. Thomas Williams <gtw@mcgarrybair.com>; Andrea R. Jacobson <arj@mcgarrybair.com>; Tarun N Surti <vflaps@gmail.com>
**Subject:** Fw: Consultation Pursuant to LCivR 7.1(d) - Case No. 1:25-cv-00374

Dear Mr. Williams,

In addition to my earlier email, I am requesting a clarification (see attached) from you about your Count II claim. I will appreciate if you will clarify it also by 4:00pm Michigan time, Monday, August 17, 2026 so that I may accurately record your position for Judge Maloney.

Tarun N Surti, Pro Se
615-812-6164

---

**From:** Tarun Surti <vflaps@gmail.com>
**Sent:** Saturday, August 15, 2026 5:09 AM
**To:** G. Thomas Williams <gtw@mcgarrybair.com>; Andrea R. Jacobson <arj@mcgarrybair.com>; Tarun N Surti <vflaps@gmail.com>
**Subject:** Consultation Pursuant to LCivR 7.1(d) - Case No. 1:25-cv-00374

Dear Mr. Williams,

Pursuant to Local Civil Rule 7.1(d)(i), I am conferring with you regarding a Response to ECF No. 41 and Motion to Vacate Fees that I intend to file with the Court.

To ensure full disclosure and a meaningful consultation, I have attached the complete text of my proposed response, attached for your review. Please advise me of Plaintiff's position, whether you consent or object to the court waiving these fees, by 4:00pm Michigan time, Monday, August 17, 2026 so that I may accurately record your position for Judge Maloney.

Note: This consultation is made without prejudice to, and expressly preserves, all pending arguments regarding jurisdiction and venue currently before the courts in Tennessee and Michigan.

Tarun N. Surti, Pro Se
615-812-6164

**TARUN N. SURTI, PRO SE**
**5928 Westheimer Drive, Brentwood TN 37027**
**615-812-6164 vflaps@gmail.com**

Date: August 16, 2026

**Via Email**
G. Thomas Williams (P53734)
Andrea R. Jacobson, Sr. Litigation Paralegal
Attorneys for Plaintiff
MCGARRY BAIR PC
5355 Northland Dr. NE – Suite C#226
Grand Rapids, Michigan 49525
Tel: (616) 742-3538
G. Thomas Williams gtw@mcgarrybair.com
Andrea R. Jacobson arj@mcgarrybair.com

Re: Tramec Sloan, LLC (Successor in interest of Fleet Engineers, Inc.) v. Surti, Case No. 1:25-cv-00374 (W.D. Mich.) Invalidity Allegations in Count II

Attorney Williams:

I am writing regarding Plaintiff's recent filing in Case No. 1:25-cv-00374, specifically Count II, which asserts invalidity of "all claims" of U.S. Reissue Patent No. RE44,755 ("the '755 patent"). Plaintiff's position appears to disregard the prior adjudication of invalidity in Fleet Engineers, Inc. v. Surti, Case No. 1:12-cv-01143-PLM, where Fleet sought identical declaratory judgment of invalidity of the entire reissued patent. The district court dismissed Fleet's invalidity claim with prejudice, and Fleet did not appeal. That judgment constitutes a final adjudication of validity as to all claims of the RE755 patent.

Fleet challenged the newly added reissue claims (including Claims 18 and 25) in the prior action and had full opportunity to raise claim-specific invalidity arguments regarding Claim 19. Fleet chose not to do so. Under controlling Federal Circuit precedent, Fleet's failure to raise a claim-specific argument forfeits that argument; it does not preserve Claim 19 for future litigation. There is nothing left for Plaintiff to challenge. The invalidity claim was fully litigated, resolved, and dismissed with prejudice. Plaintiff cannot now reopen the claim it previously elected not to pursue.

In addition, Plaintiff's assertion that its current mud flap is a "new" product is inaccurate and misleading. The product Fleet/Tramec now refers to as new is the same Aero-Flap brand mud flap

that was adjudicated in the prior litigation. The only change Fleet/Tramec made was the creation of new molds to expand production of the same infringing design. This is not a new product; it is a continuation and expansion of the same infringing activity that Fleet undertook with full knowledge of the ’755 patent and the Michigan court’s findings. Fleet’s attempt to re-characterize the Aero-Flap as “new” does not create a new controversy, nor does it reopen invalidity. The infringement analysis remains the same, and Fleet’s continued manufacture using new molds only underscores its ongoing violation of Claim 19 and the other claims of the ’755 patent.

Accordingly, please clarify:

1. The legal basis on which Plaintiff contends that Claim 19 (or any other claim) survived the prior judgment dismissing Fleet’s invalidity claim with prejudice;

2. Whether Plaintiff asserts that any new invalidity theory was unavailable to Fleet during the prior litigation; and

3. The statutory grounds Plaintiff believes remain open for challenge despite the prior adjudication.

Absent a clear explanation, Plaintiff’s Count II appears barred in its entirety by res judicata and issue preclusion, and I will proceed accordingly.

Sincerely,

TARUN N. SURTI

Tarun Surti, Pro Se
5928 Westheimer Drive
Brentwood, TN 37027
615-812-6164
vflaps@gmail.com

# SURTI EXHIBIT

# C

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT COURT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>**Plaintiff,**<br><br>**v.**<br><br>**TARUN N. SURTI**<br>An Individual<br>**Defendants,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**DECLARATION OF TARUN N. SURTI IN SUPPORT OF DEFENDANT'S RESPONSE TO ECF NO. 41**

I, Tarun N. Surti, pursuant to 28 U.S.C. § 1746, declare as follows:

**BACKGROUND AND PERSONAL KNOWLEDGE**

1. I am the Defendant in this action, proceeding pro se. I am the named inventor of U.S. Reissue Patent No. RE44,755 ("the '755 Patent") and U.S. Reissue Patent No. 8,146,949 and the sole member of Mudguard Technologies, LLC.

2. I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify, I could and would testify competently to them.

3. I am a product design engineer by training and profession. I am the named inventor of more than fifteen (15) issued United States patents. In 1982, I founded a company, American Ribbon Technologies (Arte') Corp., that operated an injection molding facility, in the course of which I designed, built, and modified injection molded parts and directly supervised the injection molding manufacturing process, including supervising injection molds built by third party, mold repairs/maintenance, and the relationship between mold designer and the dimensional stabiliy of the resulting molded part. I have direct, hands-on technical knowledge of how and when a change in injection molding tooling does, and does not, alter the physical geometry of a molded product.

4. I have been directly involved in the design, manufacturing, licensing, and patent enforcement of the V-Flap brand mudflaps covered by the '755 Patent, including as a defendant to Fleet Engineers, Inc. v. Mudguard Technologies, LLC, and Tarun N. Surti Case No. 1:12-cv-1143 (W.D. Mich.) ("AeroFlap I"), in which this Court found and CAFC affirmed validity of disputed claim 1, 2, 5, 8, 9, and 13 as well as newly added reissued claim 18 and 25 where a jury unanimously found that certain Aero-Flap product designs infringed claims 1, 2, 5, 8, 9, and 13 of the '755 Patent.

**BASIS OF COMPARISON**

5. I personally obtained and physically examined a sample of the product design at issue in AeroFlap I ("Group A product"). I purchased this product form TruckPro, a National Truck Parts Distributor's branch in Nashville located at 1080 Elm Hill Pike, Nashville, TN 37210. I obtained this sample sometimes in 2016. A photograph of the Group A product is attached hereto as Figure-1.

6. I personally obtained and physically examined a sample of Plaintiff's current Aero-Flap product, which Plaintiff's Complaint and briefing refer to as a "new" product ("Group C product"). I purchased this product from FleetPride, a National Truck Parts Distributor's branch in Nashville located at 1835 Fesslers Pkwy, Nashville, TN 37210. I obtained this sample on January 13, 2025 (Exhibit-D). A photograph of the Group-C product is attached hereto as Figure-2.

| | |
|---|---|
|  |  |
| *Figure 1 - Aero-Flap Group-A* | *Figure 2 - Aero-Flap Group-C* |

7. I compared the Group A product and the Group C product side by side, drawing on my engineering background and injection molding experience described in Paragraph 3 above. (e.g., visual inspection, and physical measurement with calipers) Exhibits A and B illustrate the similarity between both products. My findings below regarding the presence, dimensions, and placement of the infringing elements are based on my direct physical examination and measurement of the product samples themselves, as described in Paragraphs 5–6 above, and not on Exhibits A or B alone.

**FINDINGS**

8. I observed similarity between the previously adjudicated AeroFlap mud flaps and the "New Group-C" AeroFlap mud flaps. Upon physically examining the "New Group-C" product, I found that the functional elements of the Aero-Flap Group-C mudflap correspond to the functional elements of the Aero-Flap mudflap configuration addressed in the prior AeroFlap-I litigation. Based on my direct physical examination and applying my professional experience in injection-molded part design and tooling, the Group A product and the Group C product retain the same defining structural features relevant to the claim elements of the '755 Patent found to be infringed in AeroFlap I and affirmed on appeal, namely, a plurality of tapered vanes defining a plurality of channels, and slotted openings in the channels with side edges around the slotted openings (rear walls) to deflect water and debris, as reflected below:

| **Infringing Elements (All dimensions are measured with caliper and are approximate)** | **Group-A (Adjudicated)** | **Group-C (Observed)** |
|---|---|---|
| Mudflap with Vertical and/or 45 Degrees Orientation of Vanes, Channels, and Slotted Openings | YES | YES |
| Injection Molded with Plastic material | YES | YES |
| Plurality of Vanes (Tapered) | YES | YES |
| Plurality of Channels (Tapered) | YES | YES |
| Slotted openings in the channel | YES | YES |
| Side edges around slotted openings (rear walls) | YES | YES |
| Width of the slotted openings is less than the width of channels | YES | YES |
| Channels direct water and debris in downward direction | YES | YES |
| Slotted openings permit air to pass through | YES | YES |

| | | |
|---|---|---|
| Side edges around slotted openings (rear walls) deflect (prevent or stop) water and debris | YES | YES |
| Mudflap size | 24" x 36" | 24" x 36" |
| Mudflap thickness | 0.375" | 0.375" |
| Height of Vanes | 0.125" | 0.125" |
| Width of Channels | 0.387" | 0.375 |
| Width of Slotted openings in the channel | 0.215" | 0.218 |
| Width of side edges around slots (rear walls)-Calculated | 0.086" | 0.078" |
| Space between Plurality of vanes, or channels, or slotted openings | 0.555" | 0.522" |



*Figure 3-Closeup - Aero-Flap Group-A*




*Figure 4 - Closeup - Aero-Flap Group - C*

9. Based on my own experience owning and operating an injection molding facility, as described in Paragraph 3, I am confident that the change between the Group-A and Group-C products resulted from the creation of new injection molds to expand manufacturing capacity, rather than from any change in the underlying part design. The tooling artifacts and dimensional shift

I observed and describe in Paragraph 8 are, in my professional experience, consistent with manufacture from new mold tooling, not with a redesign affecting the claim elements at issue.

10. I make this Declaration based on my own direct physical examination of the products described above, my professional training and experience as a product design engineer, and my direct experience of owning and operating an injection molding facility, and not on supposition or belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August ~~20th~~ 19th, 2026, at Brentwood, Tennessee.

____________________ Tarun N. Surti, Pro Se

**TENNESSEE NOTARY ACKNOWLEDGMENT**

State of Tennessee
County of Williamson

On this 8/19/26, before me personally appeared Mr. Tarun N. Surti, known to me to be the person(s) described in and who executed the foregoing instrument, and acknowledged that such person(s) executed the same as such person's free act and deed.

WITNESS my hand and seal, at office in Brentwood, Tennessee this 8/19/26.

RUTH MEACHAM STATE OF TENNESSEE NOTARY PUBLIC WILLIAMSON COUNTY My Commission Expires August 19, 2028

(Seal)

Notary Public
My Commission Expires: 08/19/28

# SURTI EXHIBIT

# D

001-001-0000122668297

FleetPride®
HEAVY DUTY PARTS & SERVICE
WWW.FLEETPRIDE.COM

# INVOICE

122668297

SOURCE POS

MAIL INVOICE

REMIT TO:
FLEETPRIDE
PO BOX 281811
ATLANTA GA 30384-1811

NASHVILLE TN 835 FESSLERS PKWY (615) 244-2853

| STORE NO. | SHIP LOC. | INVOICE TYPE | QUOTE | INVOICE DATE | INVOICE NUMBER |
|---|---|---|---|---|---|
| 136 | NAS | VISA SALE | | 01/13/25 | 122668297 |

SOLD TO NASHVILLE CASH ACCT
835 FESSLERS PKWY
NASHVILLE TN 37210-2902
(615)-244-2853

SHIP TO NASHVILLE CASH ACCT
NASHVILLE CASH ACCT
835 FESSLERS PKWY
NASHVILLE TN 37210-2902

| CHECK NO. | SHIPPER NAME | ORIG. INVOICE NO. | FREIGHT | BILL OF LADING | TERMS |
|---|---|---|---|---|---|
| | | | | WILL CALL | CreditCard |

| PURCHASE ORDER NO. | REQUISITION/JOB NUMBER | ORDERED BY | ACCOUNT | SALESMAN |
|---|---|---|---|---|
| | | | 100008 | 11719 |

| QUANTITY ORD. | QUANTITY SHIPPED | MFG. CODE | PART NUMBER | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| 1 | 1 | 561 | 033-08003 | 24 X 30 AERO MUDFLAP ANGLE CUT SHORTIE (EA) | 45.89 | 45.89 |
| | | | SALES TAX | SALES TAX | | 4.24 |

CREDIT CARD SALES
DO NOT REMIT PAYMENT
FOR THIS INVOICE

TICKET TOTAL $50.13

Payments

| Type | Date | | | |
|---|---|---|---|---|
| Visa | 01/13/25 | Last 4: | 5785 | ($50.13) |

BALANCE DUE $.00

| Parts & Service | Freight | Taxes |
|---|---|---|
| $45.89 | $.00 | $4.24 |

**Terms and Conditions:** By entering into a transaction with us you agree that the transaction is governed by our Terms and Conditions of Sale ("Terms"), available at https://www.fleetpride.com/sale-terms-conditions/. No variation to the Terms shall be effective unless expressly agreed in writing and signed by a person with authority. Parts are subject to the manufacturer's warranty and labor is warranted against defects in materials or workmanship for 90 days. WE MAKE NO OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Damages for breach of any warranty are limited to the money received for the parts/labor. For additional information, go to https://www.fleetpride.com/FleetPridePromise.

It is agreed that payment of the cash price is due within the terms stated above. A SERVICE CHARGE OF 1.5% per month (18% PER ANNUM) shall be due upon the amount of any charge which has not been paid when due. PLEASE PAY FROM THIS INVOICE.

CORES MUST BE RETURNED WITHIN 60 DAYS TO BE ELIGIBLE FOR CREDIT. For additional information, go to https://www.fleetpride.com/FleetPridePromise.

1073 NAS NAS_D13 JTROUTT 01/13/25 09.13.39

All Claims and returned goods MUST be accompanied by this bill.

RECEIVED BY ____________ RECEIVED DATE ____________

Customer Copy

Surti Exhibit-2 (PageID.002)