UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAMEC SLOAN, LLC,<br>Plaintiff,<br><br>v.<br><br>TARUN N. SURTI,<br>Defendant. | No. 1:25-cv-374<br><br>Honorable Paul L. Maloney |

## ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER AND TO SET A RULE 16 SCHEDULING CONFERENCE

On September 2, 2026, Defendant moved for entry of a case management order and to set a Rule 16 scheduling conference. ECF No. 47. Because a Rule 16 conference is premature, the court **DENIES** Defendant's motion.

Federal Rule of Civil Procedure 16(a) provides courts with discretion to order parties to appear for pretrial conferences—commonly referred to as a Rule 16 conference—to help the parties narrow the issues for trial. *VSI Holdings, Inc. v. SPX Corp.*, No. 03-cv-70225, 2006 WL 568333, at *3 (E.D. Mich. Mar. 7, 2006). For example, a Rule 16 conference allows the court to help parties discuss and resolve, among other matters, (1) discovery, (2) identifying witnesses, (3) stipulations of fact, and (4) frivolous claims or defenses. Fed. R. Civ. P. 16(c)(2).

But discussing any of those matters and attempting to narrow down the issues here would be premature because Defendant has not even filed his answer to Plaintiff's complaint.

In other words, the parties have not even identified the issues yet, so there is nothing that a Rule 16 conference could help the parties narrow down or resolve.

Additionally, while Rule 16 generally requires the court to issue a scheduling order "as soon as practicable," which is typically construed to mean "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared," there is an exception when the court "finds good cause for delay." *Id.* (b)(2). For example, "a pending dispositive motion is good cause to delay issuance of a scheduling order." *Mandala v. NTT Data, Inc.*, 6:18-CV-6591, 2026 WL 111325, at *3 (W.D.N.Y. Jan. 15, 2026).

Here, there is ample good cause. Plaintiff served Defendant on April 8, 2025. ECF No. 5. On April 30, 2025, Defendant filed a motion to dismiss. ECF No. 11. Then, on August 15, 2025, Defendant filed a motion for judgment as a matter of law. ECF No. 18. In other words, Defendant filed two dispositive motions. On October 23, 2025, this court denied both. ECF No. 31. The next day, Defendant filed his notice of appeal, ECF No. 32, divesting this court of jurisdiction. *Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007). The Federal Circuit Court of Appeals issued its formal mandate dismissing Defendant's appeal on August 19, 2026—barely more than two weeks ago. ECF No. 42. Thus, the good cause exception under Rule 16 is certainly met here.

Defendant's Motion for Entry of a Case Management Order and to Schedule a Rule 16 Scheduling Conference is therefore **DENIED**. ECF No. 47.

**IT IS SO ORDERED.**

Date: September 8, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge