**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **TRAMEC SLOAN, L.L.C.**<br>A Delaware Limited Liability Company<br>**Plaintiff,**<br><br>**v.**<br><br>**TARUN N. SURTI**<br>An Individual<br>**Defendant,** | **Case No. 1:25-CV-00374**<br><br>**Honorable Paul L. Maloney** |

**DEFENDANT'S ANSWER WITH COUNTERCLAIM AND JURY DEMAND**

Defendant Tarun N. Surti, Pro Se, answers the Complaint of Plaintiff Tramec Sloan, L.L.C. ("Tramec Sloan"), as follows:

**NATURE OF THE ACTION**

**1.** This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, adjudging that United States Reissue Patent No. RE44,755 ("the '755 Patent") is not infringed by Tramec Sloan, and is invalid and unenforceable.

**Answer:** Paragraph 1 only states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the substance of the allegations of paragraph 1.

**JURISDICTION AND VENUE**

**2.** This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et

seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**Answer:** Defendant denies the allegations of paragraph 2.

**3.** This Court has personal jurisdiction over Defendant, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b). Defendant has conducted business in, had substantial contacts with, and entered into contractual agreements with Plaintiff's predecessor business entity in this judicial district.

**Answer:** Defendant denies the allegations of paragraph 3.

**4.** Venue is further proper in this judicial district because Plaintiff resides in this district. 28 U.S.C. § 1391(b)-(c).

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in this district. Defendant further states that regardless of the veracity of that allegation, venue is not proper in this district and therefore Defendant denies the allegations of paragraph 4.

## THE PARTIES

**5.** Tramec Sloan is a Delaware Limited Liability Company residing in the State of Michigan and in this judicial district with offices in Muskegon, Michigan.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

**6.** Upon information and belief, Defendant Tarun N. Surti is an individual residing in the State of Tennessee.

**Answer:** Defendant admits the allegations of paragraph 6.

## TRAMEC SLOAN

**7.** Tramec Sloan is in the business of developing, manufacturing, and selling high quality heavy-duty truck and trailer products.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the same.

**8.** Tramec Sloan's in-house engineers improve existing products and develop new proprietary products.

**Answer:** Defendant denies the allegation that Tramec's in-house engineers developed Plaintiff's AEROFLAP mud flap, but is without information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

**9.** Tramec Sloan manufactures and sells over 10,000 products, including brass fittings, rubber hoses, electrical cables, air brake valve assemblies, roll-up doors, mud flaps, brackets, swing door hinges, and fenders.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

**10.** Tramec Sloan's products sold under the Fleet Engineers brand include AERO SLIPPER quarter fenders, the X-FLEX® mounting system, HELLCAT flap brackets, SPRAY MASTER fenders, TOUGHTRAK and PRECISION TRAK roll-up doors, and AEROFLAP aerodynamic mud flaps.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

**11.** These products are marketed and sold through distributors, dealers and OEM's who are serviced by regional warehouses throughout North America.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the

allegations of paragraph 11 and therefore denies the same.

**12.** Tramec Sloan currently owns 22 unexpired U.S. patents and has other patents pending.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

**13.** Tramec Sloan currently employs about 900 people overall, including about 110 people at its Muskegon, Michigan facility.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

## GENERAL ALLEGATIONS

**14.** Mr. Surti filed a patent application entitled "MUD FLAP" on September 2, 2009, and it issued as U.S. Patent No. 8,146,949 on April 3, 2012 ("the '949 Patent"). Exhibit A.

**Answer:** Defendant admits the allegations of paragraph 14.

**15.** On March 18, 2013, Mr. Surti filed for a reissuance of the '949 Patent.

**Answer:** Defendant admits the allegations of paragraph 15.

**16.** U.S. Reissue Patent No. RE44,755 entitled "MUD FLAP" issued February 11, 2014 ("the '755 Patent"). Exhibit B.

**Answer:** Defendant admits the allegations of paragraph 16.

**17.** The '755 Patent contains claims 1-17 of the '949 Patent and new claims 18-25.

**Answer:** Defendant admits the allegations of paragraph 17.

**18.** The '755 Patent replaces the '949 Patent.

**Answer:** Defendant admits the allegations of paragraph 18.

**19.** Upon information and belief, Mr. Surti has not assigned his rights in either the '949 Patent or the '755 Patent to anyone.

**Answer:** Defendant admits the allegations of paragraph 19.

**20.** On April 20, 2010, and through the company Mudguard Technologies LLC, Mr. Surti contacted Tramec Sloan's predecessor, Fleet Engineers, Inc., regarding the V-Flap mudflap product, which is the subject of the '755 Patent.

**Answer:** Defendant denies the allegations of paragraph 20. It was Fleet Engineers, Inc. who approached Surti at his booth in 2010 at a Trade Show in Louisville, KY.

**21.** Fleet Engineers, Mudguard, and Mr. Surti entered into a business relationship through which Fleet Engineers would offer the V-Flap product for sale.

**Answer:** Defendant admits the allegations of paragraph 21.

**22.** The business relationship fell apart, and Fleet later began offering its AEROFLAP mud flap product for sale.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies the same.

**23.** Subsequently, Mr. Surti accused the AEROFLAP product of infringing the '949 Patent, which resulted Fleet Engineers filing suit against Mr. Surti and Mudguard in 2012. The case was styled as Fleet Engineers, Inc. v. Mudguard Technologies et. al., Case No. 1:12-cv-01143, in the Western District of Michigan, before Judge Maloney (the "AeroFlap I Litigation").

**Answer:** Defendant admits the allegations of paragraph 23, but denies any characterization suggesting Defendant's infringement accusation was unfounded, as the accused AEROFLAP product was later found by a jury to infringe the '755 Patent (successor to the '949 Patent), a finding subsequently affirmed by the Federal Circuit.

**24.** The reissue proceeding resulting in the '949 Patent occurred during the pendency of the

AeroFlap I Litigation, and the '949 Patent was substituted for the '755 Patent through an Amended Complaint in the AeroFlap I Litigation.

**Answer:** Defendant admits the allegations of paragraph 24.

**25.** On December 31, 2013, default was entered as to Defendant Mudguard Technologies in the AeroFlap I Litigation. See, 1:12-cv-01143 PageID.449-450 (Doc. 70).

**Answer:** Defendant admits the allegations in paragraph 25 and the docket entries exist/speak for themselves; however, they are not binding on Defendant individually because Mudguard is a separate LLC not a party here.

**26.** On March 30, 2018, in the AeroFlap I Litigation, Fleet Engineers was awarded a money judgment for $195,523.58, with interest accruing thereon, against Mudguard Technologies. See, 1:12-cv-01143 PageID.3039 (DocID 256).

**Answer:** Defendant admits the allegations in paragraph 26 and the docket entries exist/speak for themselves; however, they are not binding on Defendant individually because Mudguard is a separate LLC not a party here.

**27.** During the pendency of the AeroFlap I Litigation, Fleet Engineers sold its assets to Tramec Sloan in a transaction that closed in 2018.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

**28.** As part of the asset sale, the remaining corporate shell of Fleet Engineers, Inc. was renamed to Eklund Holdings, Inc. Exhibit C, Name Change.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

**29.** As part of the asset sale, Tramec Sloan took over manufacturing and sale of the AEROFLAP

product and now offers Fleet Engineers branded products through its Tramec Sloan business.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the same.

**30.** On October 4, 2021, the parties began a three-day jury trial in the AeroFlap I Litigation regarding Fleet Engineers' alleged infringement of the '755 Patent.

**Answer:** Defendant admits the allegations of paragraph 30.

**31.** The jury in the AeroFlap I Litigation found the products identified in "Group A" infringed claims 1, 2, 5, 8, 9, and/or 13 of the '755 Patent, and that the products identified in "Group B" did not infringe. See, 1:12-cv-01143 PageID.3931-3938 (DocID 370).

**Answer:** Defendant admits the allegations of paragraph 31.

**32.** The jury in the AeroFlap I Litigation also found that there was no willful infringement and awarded Mr. Surti a reasonable royalty of 4% of gross sales of the "Group A" products. Id.

**Answer:** Defendant admits the allegations of paragraph 32.

**33.** At the time of the jury verdict, the amount awarded Mr. Surti was $228,000. See, 1:12-cv-01143 PageID.3955 (DocID 379).

**Answer:** Defendant admits the allegations of paragraph 33.

**34.** Mr. Surti, dissatisfied with the amount of the judgment, appealed his case to the Federal Circuit, which affirmed the jury verdict in all respects on August 15, 2023. See, 1:12-cv-01143 PageID.4664 (DocID 419).

**Answer:** Defendant admits the allegations of paragraph 34, however, denies its characterization that Defendant was merely 'dissatisfied with the amount' as opposed to appealing based on legal error.

**35.** Mr. Surti petitioned the U.S. Supreme Court for certiorari, which denied the petition on

October 7, 2024.

**Answer:** Defendant admits the allegations of paragraph 35.

**36.** In the meantime, Tramec Sloan made several attempts to negotiate an offset settlement with Mr. Surti wherein Tramec Sloan would pay to Mr. Surti the jury verdict amount and a 4% royalty on post-trial sales of the Group A products, with interest, less the present value of the default judgment previously entered against Mudguard.

**Answer:** Defendant admits the allegations of paragraph 36, denies its characterization that Tramec Sloan's settlement communications were made in good faith / were adequate.

**37.** Mr. Surti demanded additional information and reports, all of which were provided by Tramec Sloan to Mr. Surti, through the undersigned counsel.

**Answer:** Defendant denies the allegations of paragraph 37.

**38.** On February 4, 2025, Tramec Sloan provided Mr. Surti with the sworn affidavit of Mr. Greg Lambert, an officer of Tramec Sloan, averring to the veracity of the sales reports and the value of Group A products remaining in inventory.

**Answer:** Defendant denies the allegations of paragraph 38.

**39.** Also on February 4, 2025, Tramec Sloan learned that the day prior (February 3, 2025), Mr. Surti filed a patent infringement action in the U.S. District Court for the Middle District of Tennessee, styled as "Tarun N. Surti v. Fleet Engineers, Inc, Division of Tramec Sloan," Case No. 3:25-cv-0122 ("the Tennessee Action").

**Answer:** Defendant admits that Defendant filed a patent infringement action in the U.S. District Court for the Middle District of Tennessee on February 3, 2025, styled as 'Tarun N. Surti v. Fleet Engineers, Inc, Division of Tramec Sloan,' Case No. 3:25-cv-0122. Defendant is without knowledge or information sufficient to form a belief as to when Tramec Sloan

learned of that filing, and therefore denies that portion of the allegation.

**40.** The factual background in Mr. Surti's complaint in the Tennessee Action discusses the AeroFlap I Litigation, including testimony and documents offered at trial, and alleges these things support a claim for willful infringement.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same.

**41.** On February 10, 2025, Mr. Surti said that the sales information provided by Mr. Lambert in his affidavit was inadequate but offered no further information as to why.

**Answer:** Defendant denies the allegations of paragraph 41.

**42.** On March 31, 2025, the undersigned counsel, appearing specially for "Fleet Engineers, Inc, Division of Tramec Sloan" moved under Fed R. Civ. P. 12(b)(2), (4), and (5) to quash the summons and dismiss the case due to ineffective process and service of process resulting in a lack of personal jurisdiction.

**Answer:** Defendant admits the allegations of paragraph 42.

**43.** The grounds for the motion include that the party named by Mr. Surti as a defendant is not a legal business entity.

**Answer:** Defendant admits the allegations of paragraph 43.

**44.** That motion remains pending.

**Answer:** Defendant admits the allegations of paragraph 44.

**45.** Tramec Sloan has a reasonable apprehension of an imminent suit based upon the Tennessee Action filing by Defendant with respect to the non-existent party "Fleet Engineers, Inc. a Division of Tramec Sloan," but directed to the current actions of Tramec Sloan.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the

allegations of paragraph 45 and therefore denies the same.

**46.** Tramec Sloan has a reasonable apprehension that Mr. Surti intends to sue Tramec Sloan.

**Answer:** Defendant denies the allegations of paragraph 46.

**47.** Because the AEROFLAP product is still made in and sold from Muskegon, Michigan, at the facility previously operated by Fleet Engineers, Inc. and now operated by Tramec Sloan, this controversy is appropriately located in the Western District of Michigan which has previously exercised jurisdiction over Mr. Surti when it conducted a more than decade-long proceeding in the AeroFlap I Litigation.

**Answer:** Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies the same.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**48.** Tramec Sloan incorporates all prior paragraphs as if asserted herein.

**Answer:** Defendant hereby incorporates by reference his answers to the allegations set forth in paragraphs 1 through 47 as if restated herein.

**49.** Under 28 U.S.C. § 2201, this Court is empowered to declare the rights and obligations of the parties in this dispute and to put an end to the allegations of patent infringement by Defendant against Tramec Sloan and its customers.

**Answer:** Defendant states that the allegations of paragraph 49 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore deny the same.

**50.** An ongoing and actual controversy exists between the parties about whether Tramec Sloan

has infringed the '755 Patent.

**Answer:** Defendant states that the allegations of paragraph 50 are legal conclusions for which no answer is required. To the extent an answer is required, Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore deny the same.

**51.** Tramec Sloan is entitled to a Declaratory Judgment that it does not infringe any valid claim of the '755 Patent.

**Answer:** Defendant denies the allegations of paragraph 51.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

**52.** Tramec Sloan incorporates all prior paragraphs as if asserted herein.

**Answer:** Defendant hereby incorporates by reference his answers to the allegations set forth in paragraphs 1 through 51 as if restated herein.

**53.** The '755 Patent and each of its claims are invalid for failure to comply with the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102 and 103, for reasons including, but not limited to, the following:

(a) The alleged invention claimed in the '755 Patent was known or used by others in this country, or patented or described by others in this or a foreign country, before its alleged date of invention;

(b) The alleged invention claimed in the '755 Patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the application date of the '755 Patent;

(c) The applicant for the '755 Patent did not invent the subject matter claimed in the patent;

(d) Before the applicant's alleged invention of the subject matter claimed in the '755 Patent, such invention was made in this country by others who did not abandon, suppress, or conceal it; and

(e) The differences between the patented subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the subject matter was made to a person having ordinary skill in the art to which the subject matter pertains.

**Answer:** Defendant denies the allegations of paragraph 53.

**54.** Tramec Sloan is entitled to a declaratory judgment of this Court that the claims of the '755 Patent are invalid.

Answer: Defendant denies the allegations of paragraph 54.

**AFFIRMATIVE DEFENSES**

**55.** Defendant asserts the following affirmative defenses:

**56.** First Affirmative Defense (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**57.** Second Affirmative Defense (First-to-File Rule) (Tennessee Case No. 3:25-cv-00122)

Plaintiff's non-infringement claims are barred, or in the alternative should be dismissed, transferred, or stayed, under the first-to-file rule, as substantially overlapping claims and issues were already pending in an earlier-filed action.

**58.** Third Affirmative Defense- Reliance on Plaintiff's Sworn Representations / Estoppel

Defendant had properly filed his complaint in U S District Court of Middle Tennessee, naming the correct party as disclosed by the Plaintiff’s counsel supported by the sworn affidavit of Mr. Wes Eklund. (Surti Exhibit-A). Plaintiff’s initiation of this lawsuit was Forum Shopping.

**59.** Fourth Affirmative Defense (Judicial Estoppel, Inconsistent Corporate Characterizations)

Plaintiff is judicially estopped from asserting any characterization of the corporate relationship between Fleet Engineers, Inc. and Tramec Sloan LLC that is inconsistent with positions Plaintiff, and its predecessor have previously taken in other proceedings. Plaintiff has repeatedly shifted its description of that relationship, alternately characterizing Fleet Engineers, Inc. as a subsidiary, division, successor entity or non-existent entity, depending on which characterization was most advantageous to the litigation theory then being advanced. (Surti Exhibit-B)

**60.** Fifth Affirmative Defense (Admission of Successor Status / Estoppel) (ECF No.1, PageID.4),(ECF No.17-2, PageID.140-141), (ECF No.18-1, PageID.177-178)

Plaintiff has admitted that it is a successor in interest to Fleet Engineers, Inc., either as stocks or assets purchaser, and is therefore bound by the prior representations, admissions, and adjudications made by or attributable to Fleet Engineers, Inc., including under the doctrines of privity and judicial estoppel.

**61.** Sixth Affirmative Defense (Claim and Issue Preclusion) (ECF No.45 and 45-1)

Plaintiff's invalidity claims are barred by the doctrines of claim preclusion (res judicata) and issue preclusion (collateral estoppel), as those invalidity issues were actually litigated and finally adjudicated, with prejudice, in a prior action between the parties or their privies.

**62.** Seventh Affirmative Defense (No Substantive Functional Difference, "New Product" Claim) (ECF No. 43 and 43-1)

Plaintiff developed these products after the assets purchase, as an independent entity, and its characterization of the accused product as a "new product" is factually unsupported. A direct, side-by-side comparison of the functional elements previously adjudicated with respect to the

Group-A products and the corresponding elements of the Group-C product reveals no substantive functional differences between them.

**63.** Eighth Affirmative Defense (Lack of Personal Jurisdiction / Improper Venue)

This Court lacks personal jurisdiction over Defendant, and venue in this district is improper under 28 U.S.C. § 1391(b)–(c) and 28 U.S.C. § 1400(b). Defendant is an individual residing in Brentwood, Tennessee, and has not conducted the business, entered the contracts, or had the contacts with this judicial district that Plaintiff alleges in Paragraph 3. Defendant asserts this defense without waiving, and expressly preserving, his objections to personal jurisdiction and venue notwithstanding the assertion of the counterclaims set forth below, which are compulsory counterclaims arising out of the same transaction or occurrence as Plaintiff's claims and are asserted subject to and without prejudice to this defense.

**64.** Reservation of Rights

Defendants reserve the right to assert additional affirmative defenses, and to amend, supplement, or withdraw any defense asserted herein, as warranted by the results of further investigation, discovery, or development of the record.

**COUNTERCLAIMS**

**COUNT I: PATENT INFRINGEMENT**

**65.** Defendant hereby incorporates by reference the allegations set forth in paragraphs 1 through 64 of the Answer as if restated herein.

**66.** Plaintiff has infringed, induced infringement of, and contributorily infringed upon the '755 Patent under 35 U.S.C. § 271 (a), (b), and (c), both literally and under the doctrine of equivalents, by engaging in wrongful and unlicensed making, using, offering for sale, and selling of products that embody the claims of the '755 Patent, in this judicial district and

elsewhere throughout the United States, and will continue to do so unless enjoined by this Court.

**67.** For all relevant times, Plaintiff has had actual knowledge of the existence of the ‘755 Patent and of its infringement thereof, and, upon information and belief, Plaintiff’s infringement of the ‘755 Patent has been and continues to be willful and deliberate.

**68.** As a proximate consequence of Plaintiff’s actions, Defendant has been and, unless such acts are enjoined by the Court, will continue to be injured in his property rights, and have suffered and will continue to suffer irreparable injury for which he is entitled to an award of injunctive relief under 35 U.S.C. § 283, damages under 35 U.S.C. § 284, and attorney’s fees under 35 U.S.C. § 285.

**COUNT II: DECLARATORY JUDGMENT OF VALIDITY AND ENFORCEABILITY**

**69.** Defendant incorporates by reference the allegations set forth in paragraphs 1 through 68 as if restated herein.

**70.** An actual and justiciable controversy exists between the parties concerning the validity and enforceability of the '755 Patent, as evidenced by Plaintiff's own Count II seeking a declaratory judgment of invalidity.

**71.** The invalidity theories asserted in Plaintiff's Complaint, Count II are barred by claim and issue preclusion, as set forth in Defendant's Sixth Affirmative Defense, because Fleet Engineers, Inc., Plaintiff's predecessor and privy, asserted the same invalidity grounds in the AeroFlap I Litigation (Case No. 1:12-cv-01143), and that claim was dismissed with prejudice by this Court (ECF No. 255).

**72.** Defendant is entitled to a declaratory judgment under 28 U.S.C. §§ 2201–2202 that the '755 Patent, including Claims 1–25, is valid and enforceable.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant prays for the entry of a judgment from this Court against Plaintiff for the following relief:

**A.** Declaring that the ‘755 Patent is valid and enforceable;

**B.** Declaring that Plaintiff has directly infringed, contributorily infringed, and induced infringement of one or more claims of the ’755 Patent;

**C.** Declaring that Plaintiff’s infringement has been willful and deliberate;

**D.** Preliminarily, and continuing until the Court issues a final decision in this case, and permanently thereafter, enjoining Plaintiff and all of its officers, agents, employees, attorneys, vendors and anyone acting with or for it who receives notice of the order, from committing any further acts of infringement of any one or more claims of the ’755 Patent under 35 U.S.C. § 271, pursuant to 35 U.S.C. § 283;

**E.** Awarding Defendant damages for Plaintiff’s infringement of the ‘755 Patent in accordance with 35 U.S.C. § 284;

**F.** Declaring this to be "exceptional" under 35 U.S.C. § 285, and awarding Defendant its reasonable attorney fees, expenses and costs in this action;

**G.** Awarding Defendant damages, including lost profits, such damages to be trebled;

**H.** Issue an order of Injunction against the Plaintiff; and

**I.** Awarding Defendant such other and further relief as this Court may deem to be just and proper.

## JURY DEMAND

Defendant demands a trial by jury pursuant to Fed. R. Civ. P. 38, as to all claims and issues in this lawsuit.

Respectfully submitted,

Dated: September 09, 2026

By: TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
Phone: 615-812-6164
email: vflaps@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 09, 2026, I filed the forgoing using the Court's CM/ECF system, which will serve all registered counsel of record.

DEFENDANT'S ANSWER WITH COUNTERCLAIM AND JURY DEMAND

G. Thomas Williams (P53734)
Andrea R. Jacobson, Sr. Litigation Paralegal
Attorneys for Plaintiff
MCGARRY BAIR PC
5355 Northland Dr. NE – Suite C#226
Grand Rapids, Michigan 49525
Tel: (616) 742-3538
G. Thomas Williams gtw@mcgarrybair.com
Andrea R. Jacobson arj@mcgarrybair.com

By: TARUN N. SURTI

Tarun N Surti, *Pro Se, Defendant*
5928 Westheimer Drive
Brentwood, Tennessee 37027
Phone: 615-812-6164

email: vflaps@gmail.com